Mr. Justice Thacher
delivered the opinion of the court.
This is an appeal by Caruthers from the decree of the vice-chancellor of vice-chancery court for the northern district, dissolving an injunction against an execution at law.
Caruthers filed his bill, charging that he was a mere surety upon the promissory note upon which the judgment at law had been obtained, and that proper diligence and exertion had not been made to levy the debt from the principal in the promissory note. It appears from the bill, answers and proof, that it was probably the fact, that the principal had been in the possession of property sufficient to respond to the judgment; but it likewise appears the execution enjoined was not issued until two execu *182 tions against the principal had been returned unsatisfied, and an affidavit made that the principal had not property to satisfy the debt.
The principle upon which relief is given to a surety, is the active interference of a creditor as to the principal, by which the surety is prejudiced. 2 Dev. & Bat. Eq. R. 91; 1 Eng. Con. Ch. R. 543. The mere passiveness of the creditor, as to the principal, will not impair his rights against a surety. We have held that delay in issuing execution upon a judgment upon a forthcoming bond, will not discharge the surety in the judgment on the bond. Melton v. Howard, 7 How. 103. Butin the pi'esent case, the ordinary course of the law, so far from having been impeded, seems to have been facilitated by the issuance of an alias execution against the principal, and nothing is shown exhibiting any interference by the creditor in the attempt to make the debt out of the principal. Hence it is not a case where an injunction would be warranted. All the other objections to the decree could have been obviated by the appellant in the chancery court, and are therefore not available here, especially as the gravamen of the bill does not show a case for equitable relief.
Decree affirmed.